HARRIS M. DOLBEARE, executor, *vs.* FRANK E. KIRBY & another, executors.

Middlesex.    October 22, 1928. — November 28, 1928.

Present: CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Devise and Legacy*, Time of vesting.

A woman by her will, after giving a life estate to her husband and giving certain legacies and specific bequests, provided as follows: "The . . . residue . . . of my estate . . . I bequeath and devise in equal shares to . . . [eight sisters and a brother] . . . or to those of them as shall be living at the time the property is divided. In the event that . . . [a certain one of the sisters] . . . is not living when the property is divided, I bequeath and devise her share to her son . . . if he be living, otherwise that share to revert to my estate." The husband died less than four months after the testatrix. At that time all eight sisters and the brother were living, and a partial distribution was made to all of them. Litigation delayed final distribution until more than four years after the husband's death. At that time a sister other than the one specifically mentioned had died. The executor sought instructions, whether the estate of the sister who had died should share in the final distribution. *Held*, that

(1) There is no legal objection to a provision in a will that beneficiaries under the will should be determined at the time of the actual division or distribution of the property;

(2) Such intent was clear in this will.

(3) Final distribution should be made only among the eight living residuary legatees.

PETITION, filed in the Probate Court for the county of Middlesex on November 3, 1927, by the executor of the will of Rebecca E. Parker, for instructions.

The petition was heard by *Harris,* J. Material facts are stated in the opinion. A final decree was entered ordering distribution "of the balance in" the hands of the petitioner "among the eight living residuary legatees, excluding the estate of Emma Lund Kirby from such distribution." The executor of the will of Emma Lund Kirby appealed.

The case was submitted on briefs.

*F. King,* for Frank E. Kirby and another, executors.

*J. H. Powers,* for Marguerite S. Carlisle, & *F. W. McEnery,* for Ruth M. Wells.

SANDERSON, J. This is a petition in which the executor of the will of Rebecca E. Parker asks to be instructed whether it is his duty to make distribution of the balance in his hands to the eight living residuary legatees under the will and to the executors of the will of Emma Lund Kirby, deceased, or whether it is his duty to make distribution of the balance in his hands among the eight living residuary legatees, excluding the estate of Emma Lund Kirby from such distribution.

The testatrix, after providing that her husband should have the income of her whole estate for life with the right in a certain event to use so much of the principal as might be necessary for his comfort and pleasure, and after making gifts of money and certain specific articles to various persons, bequeathed the residue as follows: "The rest, residue and remainder of my estate both real and personal after the above bequests are paid, I bequeath and devise in equal shares between my sister, Louise A Prior, Marjory E Trecartin, Emma Lund Kirby, Harriet N Davis, Louise E Taber, Elizabeth Sammis, Marguerite S Carlisle, Ruth M Wells, and William L Woollett, or to those of them as shall be living at the time the property is divided. In the event that my

sister, Louise A Prior is not living when the property is divided, I bequeath and devise her share to her son Charles Henry Prior if he be living, otherwise that share to revert to my estate."

The will was dated October 24, 1922, and probated March 30, 1923, the testatrix having died January 31, 1923. Her husband, who was given a life interest in the estate, died May 8, 1923, and this petition for instructions was filed November 3, 1927. At the date of the husband's death all of the nine residuary legatees specifically named in the quoted clause were living. Emma Lund Kirby, one of those legatees, died June 13, 1927; the other eight were living at the date of filing of the petition.

A partial distribution previously had been made to all residuary legatees but, because of litigation, it was not possible to make a final distribution until October, 1927. It is contended that the words "is divided" should be construed to mean "is distributable," thus fixing the rights of the parties at the time of the death of the husband; and that the testatrix did not intend to have the rights of the residuary legatees depend upon any delay in distribution caused by litigation or other unforeseen event. There is no legal objection to a provision that beneficiaries under a will should be determined at the time of the actual division or distribution of the property. A testatrix might wish to make a gift to designated beneficiaries only in case they could receive it personally. In this case apt words were used to express such an intent. The testatrix probably believed that the general residue would be divided soon after the death of her husband, but by fixing the time of the division rather than that of his death as the time when those who take should be ascertained, she made it clear that only those who could personally receive the property should be beneficiaries under this clause. This intent is further manifested by the provision that if her sister Louise A. Prior should not be living when the property is divided her share would go to her son if living, otherwise that share was to "revert" to the estate of the testatrix. In the opinion of a majority of the court the decree of the Probate Court that distribution be made

among the eight living residuary legatees was in accordance with the expressed wish of the testatrix, and is affirmed. Costs as between solicitor and client are to be in the discretion of the Probate Court.

*Ordered accordingly.*